## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DWAYNE SHAMAR WILLIAMS,

     Plaintiff,

-vs-                           Case No.  8:07-cv-2155-T-30TGW

KIRK P. BRUNNER, et al.,

     Defendants.

_____/

## <u>ORDER</u>

Plaintiff is a prisoner confined at Pinellas County Jail, Clearwater, Florida.  He initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), and a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915  (Dkt. 2).[1]

Plaintiff names Sheriff Jim Coats and Major Kirk P. Brunner as defendants in this matter.   Because Plaintiff is seeking redress from governmental officers, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A.   In pertinent part, § 1915A provides:

    (a)     Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b)     Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --

---

[1]Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and those who pay the requisite filing fee. The procedure required by § 1915A is, by its terms, a screening process to be applied *sua sponte*. *See id.*

The Court finds, for reasons set forth *infra*, that the complaint should be dismissed prior to service of process pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915(e) (pursuant to the Prisoner Litigation Reform Act, federal courts must dismiss an *in forma pauperis* prisoner's claims "if the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune form such relief.").

## Discussion

Plaintiff alleges that on December 21, 2006, Defendant Brunner assigned him to cell 5-F-CC-2. Plaintiff claims that his underwear, t-shirt, and socks were taken from him, and in the cell he had only his jail issued uniform, a mattress, and a "half-bedding." He asserts that he was confined in the cell for two weeks, and the temperature in the cell was cold and reached temperatures as low as 65 degrees. He states that the cold weather produced physical discomfort, and he had to "huddle under the half bedding long as possible to stay half warm"

2

and had to run the hot water in the shower to try to stay warm from the steam.  He also asserts that he was without cold water in his cell for three days.

Plaintiff states that as a result of the conditions in his cell, he suffered "mental derangement, pain, misery, anguish, and a bad cold, stopped up nose, fever, sore throat, cough persisting more than 1 week, stomach acks [sic] and pains from lack of cold water while on medication twice a day."

Plaintiff also claims that he "was deprived from every day cell activities writing, reading, religous [sic] prayers."  Finally, he alleges that he was "refused treatment from nurse who was informed of Plantiff [sic] stomach pains." (Dkt. 1 at 7-10).

For relief, Plaintiff seeks to be "rewarded 90,000 dollars in punitive damages [for] mental anguish, mental derangement, psychological depressed [sic], pain and misery, an [sic] physical discomfort cruel and unusual punishment.  30,000 dollars from medical negligence malpractice." (Dkt. 1 at 15).

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys").  A Plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks.  "[E]ven in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . or to rewrite

3

an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).  *See also, Pontier v. City of Clearwater, Fla.*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). To state a claim against a supervisory official, the complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and failed to take action to prevent further misconduct.  *See Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).   There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell* v. *Dep't of Soc. Servs.*, 436 U.S. 658, 693-694 (1978).

Plaintiff does not allege that Defendant Coats personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a constitutional deprivation and failed to act, or formed policies which resulted in Plaintiff's injuries. Plaintiff has therefore failed to state a claim against Defendant Coats.

Likewise, although Plaintiff alleges that Defendant Brunner assigned him to the cell about which he complains, he does not allege or demonstrate that Defendant Brunner was aware of a constitutional deprivation and failed to act, or formed policies which resulted in

Plaintiff's alleged injuries.

A pretrial detainee's[2] claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). The legal standards under the Eighth Amendment and the Fourteenth Amendment due process clause are the same, and the Eighth Amendment case law is applicable. *See Cook v. Sheriff of Monroe County*, 402 F.3d 1092, 1115 (11th Cir. 2005). A prison official may be liable for unconstitutional conditions of confinement if he acted with deliberate indifference to a substantial risk of serious harm. *See Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004).

To state a claim of deliberate indifference, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). These are "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes v. Chapman*, 452 U.S. 337, 348

(1981).

Second, the prison official must have a "sufficiently culpable state of mind," *i.e.,* he must act with deliberate indifference to inmate health or safety. *Farmer*, 511 U.S. at 834. In

---

[2]It is unclear from Plaintiff's complaint whether he is a pre-trial detainee or a prisoner.

defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff has failed to allege sufficient facts showing that Defendants were deliberately indifferent to Plaintiff's health or safety. Therefore, he fails to state an Eighth and Fourteenth Amendment conditions of confinement claim. Accordingly, Plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A.

### Leave to Amend

Within 30 days, Plaintiff may submit an amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. An amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint.

ACCORDINGLY, the Court **ORDERS** that:

1.     Plaintiff's complaint is **DISMISSED** without prejudice for failure to state a claim for which relief can be granted (Dkt. 1). Plaintiff has **30 days** from the date this Order is filed

to file an amended complaint in compliance with this Order.

    2.      If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court shall, without further notice, enter a judgment of dismissal of this action with prejudice.

    3.      The Clerk of Court is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint by a prisoner.

        **DONE** and **ORDERED** in Tampa, Florida on January 24, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Plaintiff *pro se*